UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

LEADER ENTERTAINMENT S.A.,

Plaintiff,

-v-

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,

Defendants.

-----------------------------------------------------------------X

26 Civ. 5666 (JPC)

<u>ORDER</u>

JOHN P. CRONAN, United States District Judge:

The Court is in receipt of Plaintiff Leader Entertainment S.A.'s ("Leader") motions for a temporary restraining order, alternative service, leave to file certain documents under seal, and file an enlarged brief. *See* Dkts. 6-7, 11-13. No later than August 3, 2026, Leader must make supplemental submissions addressing the following issues:

(1) Leader argues that the Court may exercise personal jurisdiction over Defendants because they "transacted business in New York by accepting offers of [infringing products] from and offer shipping to New York addresses located in this Judicial District." Dkt. 7 at 13. But the only evidence Leader offers for that assertion is the declaration of Juan Pablo Christensen, which merely states that "each Defendant *allows* products to be shipped to the Southern District of New York," not that any purchases were actually made within this District or that shipping to this District actually occurred. Dkt. 10 ¶ 16(c) (emphasis added). Plaintiff must address why that is sufficient to establish personal jurisdiction over each Defendant. *See TV Tokyo Corp. v. Bear Hugs*, No. 26 Civ. 4292 (NRB), 2026 WL 1831336, at *1 (S.D.N.Y. June 25, 2026).

(2) Leader submits evidence of Defendants' allegedly infringing activities in a single exhibit that is separated into twenty-six parts and spans over 1,500 pages. *See* Dkt. 18, Exh. 1. But Leader does not explain whether and why that infringing evidence shows that each Defendant is liable for all causes of action alleged in the Complaint, as opposed to, for example, only trademark infringement, or only copyright infringement. Moreover, on an initial inspection, there also appear to be Defendants in this action for which no infringing evidence was submitted whatsoever. Asking the Court to review this evidence without further direction is unacceptable. *See*

*Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 406 (6th Cir. 1992) ("What concept of judicial economy is served when judges . . . are required to do the work of a party's attorney?"); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Leader must provide a detailed description of the location of each Defendant's infringing conduct in Exhibit 1, including specific citations to corresponding pages of Exhibit 1, along with the cause of action that the infringing activity supports for that Defendant.

(3) Leader argues that it will suffer irreparable harm as a result of Defendants' alleged copyright violations. *See* Dkt. 7 at 22-24. But Leader does not cite to or engage with the Supreme Court's decision in *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006), which, as explained by the Second Circuit in *Salinger v. Colting*, holds that in a copyright case, a "court must not adopt a 'categorical' or 'general' rule or presume that the plaintiff will suffer irreparable harm." 607 F.3d 68, 80 (2d Cir. 2010). Leader thus must explain why, in this case, equitable relief is warranted for reasons that are not applicable to all other cases of alleged copyright infringement.

SO ORDERED.

Dated: July 24, 2026
New York, New York

JOHN P. CRONAN
United States District Judge